IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LARRY J. NIXON                                                                                                    PLAINTIFF

      v.                                              Civil No.  11-2215

DANIEL SHUE, Prosecutor,
12th Judicial District; and
PROFESSOR JIM CHRISTIANSEN,
University of Arkansas, Fort Smith                                                               DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

    Larry Nixon filed this civil rights action under 42 U.S.C. § 1983.   He proceeds *pro se* and *in forma pauperis*.  The case is before me for preservice screening under the *in forma pauperis* statute, 28 U.S.C. § 1915.

### 1.  Background

    According to the allegations of the complaint, in the summer of 2010, Plaintiff wrote six letters to Professors Christainsen and Belcher of the physics department of the University of Arkansas, Fort Smith.  The letters explained why Albert Einstein's general theory of relativity is wrong.

    Plaintiff indicates he asked for replies to his letters.  When he received no replies, Plaintiff wrote Professor Christainsen "warning him if he didn't reply that I was considering a lawsuit."

    Plaintiff received a reply to all his letters in the form of a letter from Robert McLure, a Deputy Prosecuting Attorney.  The letter told Plaintiff that he might be in violation of an Arkansas criminal statute covering harassing communications.  Plaintiff was told not to have any contact with

Professor Christiansen or any member of the University of Arkansas Fort Smith faculty. Daniel Shue is the prosecuting attorney for the Twelfth Judicial District.

### 2. Discussion

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988). Although "'detailed factual allegations are not required,'" a complaint must include enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. While pro se complaints are to be construed liberally, courts must still apply the "plausibility standard." *See Ventura-Vera v. Dewitt*, 2011 WL 2184269, *1 (8th Cir. June 7, 2011).

The claims asserted in this case are clearly subject to dismissal as they are frivolous and fail to state claims upon which relief may be granted. First, "[A] private party's mere invocation of state legal procedures does not constitute state action." *Youngblood v. Hy-Vee Food Stores, Inc.*, 226 F.3d 851, 855 (8th Cir. 2001)(Store employee, who was not employed by the police department, was not a state actor when employee reported suspected shoplifting and detained the shoplifter until police arrived)(citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n. 21 (1982)).

Similarly, a private individual who complains of criminal conduct and is a witness for the prosecution does not act under color of law. *See e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir.

1975)("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other than what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)(A private citizen does not act under color of law when reporting a crime). It is clear Professor Christiansen cannot be sued under § 1983 because he is a private citizen, not acting under color of state law.

Second, the prosecuting attorney is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear that Daniel Shue is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

### 3. Conclusion

Accordingly, I recommend that Plaintiff's complaint be dismissed without prejudice.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded**

**that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of November 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE